On Application eor Rehearing.
Nicholls, C. J.
Appellant was surety on the injunction bond referred to in our judgment in the suit No. 12,367, ante, p. bearing the same title and recently decided. His appeal was evidently.' based on fear that the principals on the bond would not appeal' from the judgment of the District Court dismissing the injunction,, and that he would be prejudiced should that judgment become final.
Appellant’s fear was not well founded, as plaintiffs in injunction' appealed themselves, and upon their appeal the judgment of. the District Court was set aside and matters replaced in the situation-they were at the time of its rendition. The effect of our judgment will be to reinstate the injunction which it was the only object of the-surety to bring about.
The reversal of that judgment, of course, enures to the benefit of the surety. As matters shaped themselves the filing of a second transcript and the docketing of the appeal of the surety were unnecessary. The cases are substantially one and the same. Were we to grant appellant a rehearing as he asks, his legal position would in nowise differ from what it would be by letting matters stand as they are. We would simply pronounce the same judgment as we did in *1296 suit No. 12,367, and throw the costs of appeal upon the appellant. The dismissal of this appeal leaves the surety practically with all the advantages which he could obtain from a change of judgmént in this particular case.
For these reasons the judgment we have heretofore rendered, dismissing his appeal, will remain undisturbed.